## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | | |
|---|---|---|---|
| Michael J. Elli, | ) | | |
|     Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 4:13-cv- 711 HEA |
| City of Ellisville, Missouri, et al., | ) | | |
| | ) | | |
|     Defendants. | ) | | |

### MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

### I.     Introduction

Michael J. Elli moves for a preliminary injunction enjoining the City of Ellisville, Missouri's policy and custom of having police officers pull over, detain, and cite individuals who are perceived as having communicated to oncoming traffic by flashing their headlamps and then prosecuting and imposing fines upon those individuals.   As a matter of law, communicating by flashing headlamps violates no law, gives no reasonable suspicion or probable cause to believe that any law has been violated, and is expressive conduct protected by the First Amendment.

### II.     Background

Elli is a resident of the City of Ellisville.  *Verified Complaint* (Doc. # 1) at ¶ 11.  He has communicated to other drivers to proceed with caution by flashing his headlamps.  *Id.* at ¶¶ 13-15.   As a result, he has been stopped, detained on the side of the road, and ticketed for an alleged violation of § 375.100 of the City of Ellisville Code of Ordinances.  *Id.* at ¶¶ 20-31.   The Chief of Police was aware of the situation.  *Id.* at ¶¶ 33-34.   Elli was required to appear in municipal court before the charge was later dismissed without explanation.  *Id.* at ¶¶ 27, 35, 38. He had violated no law.  *Id.* at ¶ 18.  Since then, he has refrained from communicating by flashing his headlamps for fear of being pulled over, ticketed, and prosecuted.  *Id.* at ¶¶ 44.f, 45.

1

III.    **Argument**

The Eighth Circuit has consistently maintained that in considering whether to issue a preliminary injunction, courts should weigh (1) the probability that the movant will succeed on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between such harm and the injury that granting the injunction will inflict on the other interested parties; and (4) whether the issuance of an injunction is in the public interest. *Dataphase Sys. v. C L Sys. Inc.*, 640 F.2d 109, 114 (8th Cir. 1981); *accord Washington v. Ladue Sch. Dist. Bd. of Educ.*, 564 F. Supp. 2d 1054, 1057 (E.D. Mo. 2008).

This case involves expressive conduct on a public street—communicating by the flashing of headlamps.  Thus, the First Amendment is implicated. *See Texas v. Johnson*, 491 U.S. 397, 404 (1989) (holing that conduct "sufficiently imbued with elements of communication" protected by the First and Fourteenth Amendments (internal citations omitted)).   "In a First Amendment case, ... the likelihood of success on the merits is often the determining factor in whether a preliminary injunction should issue." *Phelps–Roper v. Nixon,* 545 F.3d 685, 690 (8th Cir. 2008), *overruled on other grounds byPhelps–Roper v. City of Manchester, Mo.,* 697 F.3d 678 (8th Cir. 2012).   "'When a plaintiff has shown a likely violation of his or her First Amendment rights, the other requirements for obtaining a preliminary injunction are generally deemed to have been satisfied.'" *Minn. Citizens Concerned for Life, Inc. v. Swanson,* 692 F.3d 864, 870 (8th Cir. 2012) (en banc) (quoting *Phelps–Roper v. Troutman,* 662 F.3d 485, 488 (8th Cir. 2011) (per curiam) *opinion vacated on reh'g*, 705 F.3d 845 (8th Cir. 2012)).

This Court should grant Plaintiff's request for a preliminary injunction because he is likely to succeed on the merits of his claim in Count I; he is irreparably harmed by the policy and custom, which causes him to refrain from engaging in constitutionally protected expressive conduct; there will be no harm to the City of Ellisville, or others; and the public interest favors the preservation of constitutional rights.

### A.  Likelihood of Success on the Merits.

The first factor to consider on a motion for preliminary injunction is whether the movant is likely to succeed on the merits.  In this case, the question is whether Elli has a "fair chance of prevailing" on the merits.  This standard applies "where a preliminary injunction is sought to enjoin something other than [...] a state statute." *Planned Parenthood v. Rounds*, 530 F.3d 724, 732-33 (8th Cir. 2008).  The "fair chance of prevailing" standard is less rigorous than the standard applied "where a preliminary injunction is sought to enjoin the implementation of a duly enacted state statute." *Id.*  Because the injunction requested here involves a practice, not a duly enacted a state statute, a fair chance of success on Plaintiff's constitutional claims will satisfy this prong of the test.

Plaintiff seeks to lawfully communicate on streets without interference from City of Ellisville police officers.   By flashing his headlamps, Elli communicates a widely understood message to proceed with caution.  Doc. # 1 at ¶¶ 15-17.  The police officer who cited him understood that Elli was communicating a message, which the officer interpreted at warning drivers of the use of RADAR in the area. *Id.* at ¶ 24.  When "[a]n intent to convey a particularized message [is] present, and in the surrounding circumstances the likelihood [is] great that the message would be understood by those who viewed it," it is protected speech. *See Spence v. State of Wash.*, 418 U.S. 405, 410-11 (1974).

Streets are "'quintessential public forums.'" *Perry Ed. Ass'n v. Perry Local Educators' Ass'n,* 460 U.S. 37, 45 (1983) (quoting *Hague v. Comm. for Indus. Org.,* 307 U.S. 496, 515 (1939) ("streets ... have immemorially been held in trust for the use of the public and ... have been used for purposes [including] communicating thoughts between citizens"). The Supreme Court has "repeatedly referred to public streets as the archetype of a traditional public forum." *See Snyder v. Phelps,* ―― U.S. ――, 131 S.Ct. 1207, 1218 (2011) (quoting *Frisby v. Schultz,* 487 U.S. 474, 480 (1988)). "[O]ne who is rightfully on a street which the state has left open to the public carries with him there as elsewhere the constitutional right to express his views in an orderly fashion." *Jamison v. State of Tex.,* 318 U.S. 413, 416 (1943).

The practice Plaintiff seeks to enjoin violates the constitution in multiple ways. First, a police officer stops and temporarily detains an individual in the absence of reasonable suspicion to believe any unlawful activity is afoot. A traffic stop is a seizure. *See Brendlin v. California*, 551 U.S. 249, 255 (2007) ("The law is settled that in Fourth Amendment terms a traffic stop entails a seizure of the driver[.]"). Therefore, Fourth Amendment's protection from unreasonable searches and seizures is implicated when police conduct traffic stops. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979). "An automobile stop is thus subject to the constitutional imperative that it not be 'unreasonable' under the circumstances. As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 517 U.S. 806, 810 (1996). Communicating by flashing one's headlamps violates no law. Thus, effectuating a traffic stop for this lawful communication violates the Fourth Amendment. Second, the practice is to stop those who flash their lights because of the content of their communication, as evidenced by the citation issued to Elli. "With rare exceptions, content discrimination in regulations of the speech

of private citizens … in a traditional public forum is presumptively impermissible, and this presumption is a very strong one." *City of Ladue v. Gilleo*, 512 U.S. 43, 59 (1994); *see R.A.V. v. City of St. Paul, Minn.*, 505 U.S. 377, 382 (1992)("[c]ontent-based regulations are presumptively invalid.").   A content-based restriction is permissible only if it is necessary to serve a compelling state interest and is the least restrictive alternative available. *See Perry Ed. Ass'n*, 460 U.S. at 45; *Carey v. Brown*, 447 U.S. 455, 461 (1980).   The City of Ellisville cannot show a compelling state interest or that the challenged practice is narrowly drawn to achieve any interest that it can advance.

Elli is likely to succeed on the merits of his claim that the practice of stopping and citing individuals for communicating by flashing their headlamps is unconstitutional.

### B.  Irreparable Harm to Plaintiff

The second factor to consider in determining whether to issue an injunction is the threat of irreparable harm to the movant. *Dataphase,* 640 F.2d at 114.   Elli has refrained from engaging in protected expressive conduct because of the practice he challenges. It is well-settled that a "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality).   In this context, "[t]here can be no sum, thing, or form of remuneration that might substitute, compensate, or repair a right in its entirety once taken." *Apple of His Eye, Inc. v. City of Saint Louis, Mo.*, 4:08-CV-00592 HEA, 2008 WL 2568268, *2 (E.D. Mo. June 24, 2008).   Because Elli has shown that he is likely to succeed on the merits, he has also established irreparable harm as the result of the deprivation. *See*, *e.g.*, *Marcus v. Iowa Pub. Television*, 97 F.3d 1137, 1140-41 (8th Cir.1996); *accord Beussink ex rel. Beussink v. Woodland R-IV Sch. Dist.*, 30 F. Supp. 2d 1175, 1180 (E.D. Mo. 1998).

"It has been recognized by federal courts at all levels that a violation of constitutional rights constitutes irreparable harm as a matter of law." *Cohen v. Cohama County, Miss.,* 805 F.Supp. 398, 406 (N.D. Miss. 1992). *See also Planned Parenthood of Minnesota, Inc. v. Citizens for Community Action,* 558 F.2d 861, 867 (8th Cir. 1977) (a showing that a law interferes with the exercise of constitutional rights supports a finding of irreparable harm). "[T]he violation of a fundamental constitutional right constitutes irreparable harm, even if temporary." *Jones 'El v. Berge,* 164 F.Supp.2d 1096, 1123 (W.D. Wis. 2001).

## C.  **Balance of Equities**

The third factor to consider in determining whether to issue an injunction is the balance of the threat of irreparable harm to Plaintiff and the injury that granting the injunction will inflict on other interested parties. *Dataphase,* 640 F.2d at 114. "The balance of equities… generally favors the constitutionally-protected freedom of expression." *Nixon*, 545 F.3d at 690. There is no harm to the City of Ellisville, or others, because there is no significant interest in the enforcement of a policy that is likely unconstitutional.  This factor weighs in favor of entry of a preliminary injunction unless Defendants can demonstrate some harm from entry of an injunction. *See Sambo v. City of Troy,* No. 4:08-CV-01012(ERW), 2008 WL 4368155 (E.D. Mo. Sept. 18, 2008).

## D.  **Public Interest**

"It is always in the public interest to protect constitutional rights." *Id.* at 689.  The public interest is served by preventing the likely unconstitutional enforcement of the challenged practice while this case is considered on the merits.  The public interest supports an injunction that is necessary to prevent a government entity from violating the Constitution. *Doe v. South Iron R-1 School Dist.*, 453 F.Supp.2d 1093, 1103 (E.D. Mo. 2006).

**IV.     Bond**

Pursuant to FED. R. CIV. P. 65(c) the Court "may issue a preliminary injunction ... only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  The Court is afforded wide discretion in setting the amount of the bond, *Northern States Power Co. v. Fed. Transit Admin.,* 270 F.3d 586, 588 (8th Cir.2001), but abuses its discretion if it sets the bond "because of an improper purpose, or does not require an appropriate bond, or fails to articulate appropriate findings that support its determinations." *Ranchers Cattlemen Action Legal Fund,* 566 F.Supp.2d 995, 1008 (D.S.D.2008) (citing *Hill v. Xyquad, Inc.,* 939 F.2d 627, 632 (8th Cir.1991)).  Because there will be no demonstrable harm from issuance of a preliminary injunction, bond should be set at a nominal amount.

**V.     Conclusion**

For the foregoing reasons, Plaintiff requests this Court issue a preliminary injunction prohibiting Defendant City of Ellisville, Missouri, its agents, servants, employees, and attorneys from seizing, citing, or prosecuting any individual within the City of Ellisville for communicating by flashing his or her headlamps.

Respectfully submitted,

/s/ Anthony E. Rothert
ANTHONY E. ROTHERT, #44827
GRANT R. DOTY, #60788
AMERICAN CIVIL LIBERTIES UNION OF
EASTERN MISSOURI
454 Whittier Street
St. Louis, Missouri 63108
PHONE: (314) 652-3114
FAX: (314) 652-3112

ATTORNEYS FOR PLAINTIFF

7

<u>Certificate of Service</u>

I certify that a copy of the foregoing was served upon defendants by placing the same in

the First Class mail addressed as set forth below on April 19, 2013:

City of Ellisville
c/o Kate Demeter, City Clerk
Ellisville City Hall
1 Weis Avenue
Ellisville, Missouri 63011

/s/ Anthony E. Rothert

8