UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MICHAEL J. ELLI, individually and on behalf )
of those similarly situated, )
)
    Plaintiff, )
)
vs. ) Case No.:4:13-CV-0711
)
CITY OF ELLISVILLE, MISSOURI, et al, ) **JURY TRIAL DEMANDED**
    Defendants. )

# *DEFENDANT CITY OF ELLISVILLE, MISSOURI'S ANSWER*

COMES NOW, Defendant City of Ellisville, Missouri, and for its Answer to Plaintiff's Complaint (answered out of time pursuant to consent of Plaintiff's counsel), states as follows:

1.     Defendant denies the allegations contained in paragraph 1.

2.     Defendant denies the allegations contained in paragraph 2.

3.     Defendant admits Plaintiff purports to bring such a lawsuit and seek such damages. To the extent his alleges facts against Defendant, it is denied.

*Jurisdiction and Venue*

4.     Defendant admits the allegations contained in paragraph 4.

5.     Defendant admits the allegations contained in paragraph 5.

6.     Defendant admits the allegations contained in paragraph 6.

*Parties*

7.     Plaintiff is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7.

8.     Defendant admits the allegations contained in paragraph 8.

{00951596.DOCX;1}

9. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9.

10. Defendant denies it acted as described in the Complaint, and therefore denies the allegations in paragraph 10.

*Facts*

11. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11.

12. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12.

13. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13.

14. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 14.

15. Defendant denies the allegations contained in paragraph 15.

16. Defendant denies the allegations contained in paragraph 16, as stated.

17. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17.

18. Defendant denies the allegations contained in paragraph 18.

19. Defendant denies the allegations contained in paragraph 19.

20. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20.

21. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21.

22. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22.

23. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23.

24. Defendant admits these remarks were made in the citation issued to Plaintiff. Defendant denies the remainder of the allegations contained in paragraph 24.

25. Defendant admits the allegations contained within paragraph 25.

26. Defendant denies the allegations contained in paragraph 26.

27. Defendant denies the allegations contained in paragraph 27.

28. Defendant denies the allegations contained in paragraph 28.

29. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 29.

30. The allegations contained in paragraph 30 is a legal conclusion reserved for this Court's judgment. To the extent it alleges facts against Defendant, it is denied.

31. Defendant admits paragraph 31.

32. Defendant denies the allegations contained in paragraph 32.

33. Defendant denies the allegations contained in paragraph 33.

34. Defendant denies the allegations contained in paragraph 34.

35. Defendant denies the allegations contained in paragraph 35.

36. Defendant denies the allegations contained in paragraph 36.

37. Defendant denies the allegations contained in paragraph 37.

38. Upon information and belief, Defendant admits the allegations contained in paragraph 38.

39. Defendant denies the allegations contained in paragraph 39.

41. Defendant denies the allegations contained in paragraph 41.

42. Defendant denies the allegations contained in paragraph 42.

43. Defendant denies the allegations contained in paragraph 43.

44. Defendant denies the allegations contained in paragraph 44.

45. Defendant denies the allegations contained in paragraph 45.

## COUNT I

46. Defendant incorporates herein by reference the responses made in each preceding paragraph as if each were set forth here verbatim.

47. Defendant denies the allegations contained in paragraph 47.

48. Defendant denies the allegations contained in paragraph 48.

49. Defendant denies the allegations contained in paragraph 49.

50. Defendant denies the allegations contained in paragraph 50.

51. Defendant denies the allegations contained in paragraph 51.

WHEREFORE, Defendant prays that this Court dismiss this Count, for costs, and for such further action as this Court deems just and proper.

## COUNT II

52. Defendant incorporates herein by reference the responses made in each preceding paragraph as if each were set forth here verbatim.

53. Defendant denies the allegations contained in paragraph 53.

WHEREFORE, Defendant prays that this Court dismiss this Count, for costs, and for such further action as this Court deems just and proper.

## COUNT III

54. Defendant incorporates herein by reference the responses made in each preceding paragraph as if each were set forth here verbatim.

55. Defendant denies the allegations contained in paragraph 55.

56. Defendant denies the allegations contained in paragraph 56.

57. Defendant denies the allegations contained in paragraph 57.

58. Defendant denies the allegations contained in paragraph 58.

WHEREFORE, Defendant prays that this Court dismiss this Count, for costs, and for such further action as this Court deems just and proper.

## COUNT IV

59. Defendant incorporates herein by reference the responses made in each preceding paragraph as if each were set forth here verbatim.

60. Defendant denies the allegations contained in paragraph 60.

61. Defendant denies the allegations contained in paragraph 61.

62. Defendant denies the allegations contained in paragraph 62.

63. Defendant denies the allegations contained in paragraph 63.

64. Defendant denies the allegations contained in paragraph 64.

65. Defendant denies the allegations contained in paragraph 65.

66. Defendant denies the allegations contained in paragraph 66.

WHEREFORE, Defendant prays that this Court dismiss this Count, for costs, and for such further action as this Court deems just and proper.

## COUNT V

67. Defendant incorporates herein by reference the responses made in each preceding paragraph as if each were set forth here verbatim.

68. Defendant denies the allegations contained in paragraph 68.

69. Defendant denies the allegations contained in paragraph 69.

WHEREFORE, Defendant prays that this Court dismiss this Count, for costs, and for such further action as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

A. Plaintiff lacks standing to raise this suit as there is no injury fairly traceable to the allegedly unlawful conduct likely to be redressed by the requested relief.

B. This action is moot because the Police Chief for the City of Ellisville has issued a directive ordering that motorists who flash their headlamps on and off, or who flash their headlamps alternating between high beams and low beams, in both emergency and non-emergency situations, are not subject to citation or prosecution under City of Ellisville Code Section 375.100.

C. Plaintiff cannot establish each and every element regarding certifying an action for class action, including without limitation, the numerosity requirement. See FRCP 23.

D. Defendant is entitled to sovereign immunity, qualified immunity, and dismissal as the law of which Plaintiff complains was not clearly established regarding the subject ordinance at the subject time.

E. Probable cause (at the least arguable probable cause) existed to believe Plaintiff violated the subject ordinance at the time of the subject incident.

/s/Peter J. Dunne
Peter J. Dunne   #31482MO
Robert T. Plunkert #62064MO
PITZER SNODGRASS, P.C.
Attorneys for Defendant City of Ellisville
100 South Fourth Street, Suite 400
St. Louis, Missouri 63102-1821
(314) 421-5545
(314) 421-3144 (Fax)
dunne@pspclaw.com
plunkert@pspclaw.com

I hereby certify that a copy of the foregoing filed electronically with the Clerk of the Court this 15th day of May, 2013 to be served by operation of the Court's electronic filing system upon the following: Anthony E. Rothert and Grant R. Doty, Attorneys for Plaintiff, 454 Whittier Street, St. Louis, Missouri 63108 tony@aclu-em.org and grant@aclu-em.org.

/s/ Peter J. Dunne

May 14, 2013

|  Ellisville Police Department<br><br>Special Order | Order: SO-2013-1 | Effective: 05/14/13 |
|---|---|---|
| | Subject: Ellisville Municipal Code Section 375.110 | |
| Index As:<br>Ellisville Municipal Code Section 375.100, Flashing Headlamps | Updated: Any/All Previous Orders Including Verbal | |

I. PURPOSE

The purpose of this Special Order is to establish policy and procedure for issuing or initiating prosecutions under Ellisville Municipal Code Section 375.100.

II. GENERAL

This Special Order will supplement my previous verbal directive regarding issuing summonses or initiating prosecutions under Ellisville Municipal Code Section 375.100. Effective immediately, all officers are hereby directed and ordered that motorists who flash their headlamps on and off, or who flash their headlamps alternating between high beams and low beams, in both emergency and non-emergency situations, are not subject to citation or prosecution under City of Ellisville Code Section 375.100.

Sign page 2



EXHIBIT A

**NOTE:** Signing this acknowledges that the officer received receipt of this written directive, and fully understands the contents and agrees to abide by the rules set forth in this policy.

By Order of:                                       Approved by:

_____                          _____
Thomas A. Felgate                                  Kevin Bookout
Chief of Police                                    City Manager

Acknowledgement of Receipt:

_____         _____         _____
Signature                              DSN              Date

Distribution
All Department Personnel
Attachment 1 — Section 375.100