UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MICHAEL J. ELLI,                          )
                                          )
        Plaintiff,                        )
                                          )
v.                                        )   No. 4:13CV711  HEA
                                          )
CITY OF ELLISVILLE, MISSOURI, et al.,     )
                                          )
        Defendants.                       )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Preliminary

Injunction, [Doc. No. 5].  Defendant opposes the Motion.  A hearing was held on

the matter, and after consideration of the motion, applicable law and argument, the

Court will grant the Preliminary Injunction.

## Facts and Background

Plaintiff's Verified Class-Action Complaint sets out the following

undisputed facts:

This is a civil rights action filed by Michael J. Elli challenging the policy
and custom of the City of Ellisville, Missouri, of having police officers pull over,
detain, and cite individuals who are perceived as having communicated to
oncoming traffic that a speed trap is ahead by flashing their headlamps and then
prosecuting and imposing fines upon those individuals.

The policy or custom includes citing and prosecuting individuals for
violation of an ordinance that no reasonable officer would believe the individuals
had violated, without reasonable suspicion or probable cause to believe they had

violated any law, and in retaliation for the individuals having engaged in expressive conduct protected by the First Amendment.

This action arises under the Constitution of the United States and the provisions of 42 U.S.C. § 1983. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a), and pursuant to 42 U.S.C. § 1983.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1)-(2) because all defendants reside in Saint Louis County and a substantial part of the events or omissions giving rise to the claims occurred in Saint Louis County. Venue is proper in the Eastern Division pursuant to E.D.MO. L.R. 2.07 (A)(1) and (B)(2).

Plaintiff, Michael J. Elli, is a resident of the City of Ellisville and the State of Missouri.  Defendant City of Ellisville, Missouri, is a municipal corporation and political subdivision of the State of Missouri.  Defendant John Doe is a police officer of City of Ellisville, Missouri, whose name is not known to Plaintiff.

On November 17, 2012, Doe pulled Plaintiff's vehicle over and issued to Plaintiff Ellisville Police Department Uniform Citation No. 09-00046459 for allegedly "[f]lashing lights on certain vehicles prohibited. warning of RADAR ahead." Doe is sued in his individual and official capacities.

All defendants have acted, and continue to act, under color of state law at all times relevant to this Complaint.

Plaintiff is a resident of the City of Ellisville, Missouri.  Prior to the incident at issue in this case, Plaintiff had not been alleged to have committed any moving violation or other infraction for more than thirty-five years.

About 2:50 in the afternoon of November 17, 2012, Plaintiff drove his vehicle northbound on Kiefer Creek Road within the City of Ellisville, Missouri. Plaintiff observed a speed-trap.  Plaintiff communicated by flashing his headlamps to drivers approaching in the opposite direction –none of whom Plaintiff suspected of violating any law– that they should proceed with caution.

The flashing of headlamps is commonly understood as conveying the message to slow down and proceed with caution.

The Missouri Department of Revenue, which is responsible for the licensing of drivers within the State of Missouri, recommends drivers flash their headlamps to warn other drivers of emergencies.

Doe did not have reasonable suspicion to believe that Plaintiff had violated any law.  Doe, who was traveling in traffic in a marked police vehicle, activated his flashing lights to signal to Plaintiff that he must pull over to the side of the road. Plaintiff complied.  Plaintiff was not free to leave the stop until after he was issued a citation.  Doe issued to Plaintiff Ellisville Police Department Uniform Citation No. 09-00046459 for allegedly "[f]lashing lights on certain vehicles prohibited. warning of RADAR ahead."  The citation notified Plaintiff that he must appear in court on December 20, 2012.   The citation notified Plaintiff: "YOUR FAILURE TO APPEAR IN COURT AT THE TIME SPECIFIED ON THIS CITATION AS DIRECTED MAY RESULT IN THE SUSPENSION OF YOUR DRIVER'S LICENSE AND DRIVING PRIVILEGE AND MAY RESULT IN A WARRANT BEING ISSUED FOR YOUR ARREST."

The offense with which Plaintiff was charged required a court appearance. Plaintiff was charged with violating City of Ellisville Code of Ordinances § 375.100.  Section 375.100, entitled "Limitations on Lamps Other than Headlamps – Flashing Signals Prohibited Except on Specified Vehicles," provides:  Any lighted lamp or illuminating device upon a motor vehicle other than headlamps, spotlamps, front direction signals or auxiliary lamps which projects a beam of light of an intensity greater than three hundred (300) candlepower shall be so directed that no part of the beam will strike the level of the roadway on which the vehicle stands at a distance of more than seventy-five (75) feet from the vehicle. Alternately flashing warning signals may be used on school buses when used for school purposes and on motor vehicles when used to transport United States mail from post offices to boxes of addressees thereof and on emergency vehicles as defined in Section 300.010 of this Title and on buses owned or operated by churches, mosques, synagogues, temples or other houses of worship and on commercial passenger transport vehicles that are stopped to load or unload passengers, but are prohibited on other motor vehicles, motorcycles and motor-drawn vehicles except as a means for indicating a right or left turn.

Prior to his court appearance, Plaintiff corresponded with City of Ellisville Chief of Police Tom Felgate about the citation.  In the course of the correspondence, Felgate advised Plaintiff that a violation of § 375.100 is a moving

violation, unlike an equipment violation, and if Plaintiff were found guilty, points would be assessed.

When Plaintiff appeared in municipal court, as directed on the citation, he was advised by the municipal judge that the standard punishment imposed in the City of Ellisville for using headlamps to communicate the presence of a speed-trap is a $1,000.00 fine.  When Plaintiff asserted to the municipal judge that he wanted to plead not guilty because he did not believe flashing headlamps violated § 375.100, the judge became agitated and asked Plaintiff if he had ever heard of "obstruction of justice."

After Plaintiff entered a plea of not guilty, he was ordered to return to municipal court on February 21, 2013. On  February 12, 2013, the prosecution of Plaintiff was terminated in his favor when the charge was dismissed.

## Discussion

"[W]hether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." *Dataphase Sys., Inc. v. CL Sys., Inc.*, 640 F.2d 109, 114 (8th Cir.1981). "When a plaintiff has shown a likely violation of his or her First Amendment rights, the other requirements for obtaining a preliminary injunction are generally deemed to have been satisfied." *Minnesota Citizens Concerned for Life, Inc. v. Swanson*, 692 F.3d 864, 870 (8th Cir.2012) (quoting *Phelps–Roper v. Troutman*, 662 F.3d 485, 488 (8th Cir.2011), vacated on reh'g, 705 F.3d 845 (8th Cir.2012)).

**Likelihood of Success on the Merits**

Plaintiff argues that he is likely to succeed on the merits of his First

Amendment free speech claim.

"When "[a]n intent to convey a particularized message [is] present, and in

the surrounding circumstances the likelihood [is] great that the message would be

understood by those who viewed it," it is protected speech.  *See Spence v. State of

Wash.*, 418 U.S. 405, 410-11 (1974).

Defendants do not present any substantial argument in opposition, other

than the facts Defendants have discontinued the police action that actually affected

Plaintiff, and have enacted official policy which insures that the police action that

affected Plaintiff will not take place in the future.  However, this policy and its

affects on Plaintiff fail to ensure Plaintiff's ability to exercise his First Amendment

right of free speech because of the chance that Defendants can use other statutory

provisions to quash Plaintiff's ability to communicate his message.   As Plaintiff

points out, for example, Defendant's officers have authority to enforce Mo. Rev.

Stat. § 307.100, which is nearly identical to § 375.100.

At the preliminary injunction hearing, Defendant suggested that flashing

headlamps might be illegal interference with a police investigation; however, the

expressive conduct at issue sends a message to bring one's driving in

conformity with the law—whether it be by slowing down, turning on one's own headlamps at dusk or in the rain, or proceeding with caution. Missouri (but not Ellisville) makes it "the crime of hindering prosecution if for the purpose of preventing the apprehension, prosecution, conviction or punishment of another for conduct constituting a crime he … [w]arns such person of impending discovery or apprehension, except this does not apply to a warning given in connection with an effort to bring another into compliance with the law[.]"  Mo. Rev. Stat. § 575.030 Even assuming, *arguendo*, that Plaintiff or another driver is communicating a message that one should slow down because a speed trap is ahead and discovery or apprehension is impending, that conduct is not illegal. Section 375.100 was clearly inapplicable to the expressive conduct at issue from the beginning, so assurance that Plaintiff will not face detention, arrest, or prosecution under § 375.100 only does not eliminate the reasonable chilling effect.

The chilling effect of Ellisville's policy and custom of having its police officers pull over, detain, and cite individuals who are perceived as having communicated to oncoming traffic by flashing their headlamps and then prosecuting and imposing fines upon those individuals remains, regardless of the limited special order. As the other preliminary injunction factors are presumed when a likelihood of success on a First Amendment claim is shown, the Court will

issue a preliminary injunction.

**Remaining Dataphase Factors**

Because Plaintiff is likely to succeed on the merits of his free speech claim,

the remaining *Dataphase* factors are generally deemed to be satisfied. *Swanson*,

692 F.3d at 870.  Nonetheless, the Court concludes that the remaining *Dataphase*

factors weigh in favor of a preliminary injunction. The "loss of First Amendment

freedoms, for even minimal periods of time, unquestionably constitutes irreparable

injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality).   The equities and

public interest are likewise in favor of an injunction.  Defendant will suffer no

harm, as there appears to be no immediate or imminent danger to public safety

health or welfare through Plaintiff's flashing his headlamps.

Pursuant to Rule 65(c), the court "may issue a preliminary injunction ... only

if the movant gives security in an amount that the court considers proper to pay the

costs and damages sustained by any party found to be wrongfully enjoined or

restrained ."  Fed.R.Civ.P. 65(c).  Defendant was unable to articulate any harm

that might occur if the Court were to issue a temporary injunction. The Court finds

that a bond of a nominal amount would provide adequate security.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Preliminary

Injunction, [Doc. No. 5], is granted, and that Plaintiffs shall be required to pay a

bond of $100.00 in support thereof.  A separate judgement shall issue in

accordance with this memorandum.

Dated this 3rd day of February, 2014.


_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE